RECEIVED
SEP 1 2 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES R. BROWN | CIVIL ACTION NO. 06-117-P |
| VERSUS | JUDGE HICKS |
| LASALLE MANAGEMENT INC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Charles R. Brown ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on January 18, 2006. Plaintiff is incarcerated at the River Correctional Center, but he alleges his civil rights were violated by prison officials while incarcerated at the Claiborne Parish Detention Center. He names LaSalle Management Inc., Billy McConnell, Gary Allen, Stephanie Glass, Richard Stalder and Leroy Holiday as defendants.

Plaintiff was ordered on July 7, 2006 to file, within 30 days of the service of the order, a copy of all steps taken in the Administrative Remedy Procedure and responses to said ARPs and an amended complaint. To date, Plaintiff has not done so.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal

---

[1] This decision is not intended for commercial print or electronic publication.

Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 12th day of September 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE